IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

MARK GAVER,

Defendant.

\* Criminal Action No.: RDB-17-0640

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Defendant Mark Gaver ("Defendant" or "Gaver") was the sole owner, President and Chief Executive Officer of Gaver Technologies, Inc. ("GTI"), an information technology support and personnel staffing corporation located in Frederick, Maryland. (Indictment, ECF No. 1.) From in or around November 2008 through 2016, Gaver applied for and obtained a line of credit and additional credit line increases on behalf of GTI from Santander Bank, N.A. (*Id.*) Subsequently, on December 5, 2017, a grand jury indicted Gaver on eight counts of Bank Fraud, in violation of 18 U.S.C. § 1344, and two counts of Money Laundering, in violation of 18 U.S.C. § 1957, charging him with knowingly and willfully devising, executing, and attempting to execute a scheme to defraud Santander Bank and obtain monies and funds under its custody and control by providing materially false and fraudulent pretenses, representations, and promises while seeking and obtaining the line of credit and subsequent increases. (*Id.*)

Currently pending before this Court is the Government's Motion *in Limine* under Federal Rule of Evidence 401, or alternatively Rule 403, to "preclude[e] the defendant from

1

advancing any contention at trial that negligence or a lack of care on the part of the victim bank, or knowledge or complicity on the part of any individual bank employee involved in processing his loan requests, constitutes a defense to the band fraud charges in this case." (ECF No. 31.) The parties' submissions have been reviewed, and the Motion was discussed during a pretrial conference held on July 16, 2018. For the following reasons, the Government's Motion *in Limine* (ECF No. 31) is GRANTED.[1]

The Government has noted that evidence of negligence or lack of diligence on the part of Santander Bank is irrelevant under Federal Rule of Evidence 401 because such evidence is not a defense to bank fraud. Alternatively, the Government argues that if this Court finds that such evidence is relevant, it is inadmissible under Rule 403 because its probative value is substantially outweighed by the danger of confusing the issues, misleading the jury, or wasting time. In Response, the Defendant has argued that the Government's Motion improperly seeks to limit the scope of Gaver's defense and that "the bank's knowledge, negligence, or complicity could be relevant" to other defense theories. But the Defendant has failed to offer any additional defense theories upon which this evidence may be relevant.

The Indictment charges the Defendant with committing bank fraud "by means of false or fraudulent pretenses, representations, and promises," and therefore invokes 18 U.S.C. § 1344(2). To prove bank fraud under § 1344(2), the Government must prove that

---

[1] During the pretrial conference, the Court also ruled that the Defendant's Motion *in Limine* to preclude the Government from publishing medical records of the Defendant (ECF No. 32) is DENIED. Further, the parties agreed that the following motions are MOOT: Defendant's Motion for Case Management Conference (ECF No. 24); Government's Motion for a Bill of Particulars (ECF No. 25); and Defendant's Motion *in Limine* to preclude the Government from publishing or playing voicemails purportedly of the Defendant (ECF No. 33).

the defendant (1) "knowingly execut[ed] a scheme to obtain property held by a financial institution through false or fraudulent pretenses," (2) "did so with the intent to defraud, and (3) the institution was a federally insured or chartered bank." *United States v. Adepoju*, 756 F.3d 250, 255 (4th Cir. 2014). The Government must also show that the false or fraudulent pretenses were material. *Neder v. United States*, 527 U.S. 1, 25, 119 S. Ct. 1827 (1999). The United States Court of Appeals for the Fourth Circuit recently held in *United States v. Raza*, 876 F.3d 604 (4th Cir. 2017) that the test for materiality "is an objective one, which measures a misrepresentation's capacity to influence an objective 'reasonable lender,' not a renegade lender with a demonstrated habit of disregarding materially false information." 876 F.3d at 621.

Given the elements of bank fraud and the test for materiality, the Fourth Circuit has held that evidence of a fraud victim's negligence or lack of diligence is not a defense to bank fraud. In *United States v. Colton*, 231 F.3d 890 (4th Cir. 2000), the defendant was convicted of several counts of bank fraud after the Government presented evidence that he failed to disclose material information to the victimized financial institutions prior to obtaining loans to finance commercial real estate projects. 231 F.3d at 894. On appeal, he argued that one of the lenders failed to request certain details prior to entering into the financing agreement. *Id.* at 903. The Fourth Circuit explicitly rejected this argument, explaining:

> The susceptibility of the victim of the fraud, in this case a financial institution, is irrelevant to the analysis: "If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright. These are criminal statutes, not tort concepts." *United States v. Brien,* 617 F.2d 299, 311 (1st Cir. 1980); *see also Neder,* 527 U.S. at 24-25, 119 S. Ct. 1827 (holding that "reliance" and "damages" are not necessary elements of an offense under the federal fraud statutes); *United States v. Stewart,* 872 F.2d 957, 960 (10th Cir. 1989) (same);

3

> [Stuart M.] Speiser et al., [9 *The American Law of Torts*] § 32.73 ("[T]he rule that fraud cannot be predicated on a failure to disclose facts where . . . the truth may be ascertained by the exercise of reasonable diligence does not justify a resort to active deceit or fraud.").

*Id.*; *see also Raza*, 876 F.3d at 618 (4th Cir. 2017) (quoting *Colton* for the proposition that "the susceptibility of the victim of the fraud, in this case a financial institution, is irrelevant to the analysis").

Further, given the *Raza* court's conclusion that the standard for materiality is an "objective 'reasonable lender,' *not* a renegade lender with a demonstrated habit of disregarding materially false information," evidence of negligence or lack of care on behalf of Santander Bank is also not relevant to materiality. *See Raza*, 876 F.3d at 621 (holding that the district court did not err by instructing the jury that a particular fact is material if it "may be of importance to a reasonable person," rather than requiring the misrepresentations to be material to the specific fraud victim); *see also United States v. Wolf*, 860 F.3d 175, 193 (4th Cir. 2017) (affirming the admittance of an expert's testimony about mortgage banking practices and whether certain categories of information would have been material to lenders even though the expert had no personal knowledge of the specific lenders involved because "the test for whether a false statement to a bank is material is an objective one; it does not change from bank to bank"); *United States v. Betts-Gaston*, 860 F.3d 525, 532-33 (7th Cir. 2017) (explaining that whether a particular lender or group of lenders "routinely behaved unreasonably—that, as a matter of policy, they ignored information that a reasonable lender would consider" was irrelevant to materiality). Accordingly, evidence of Santander Bank's negligence or lack of diligence is not relevant under Federal Rule of Evidence 401 to whether Defendant Gaver committed bank fraud in violation of 18 U.S.C. § 1344.

Turning to the portion of the Government's Motion related to knowledge or complicity on the part of any individual bank employee, a showing of knowledge or complicity on behalf of a lender or bank officer of Santander Bank would also not be a defense to bank fraud. *See United States v. Vinson*, 852 F.3d 333, 351 (4th Cir. 2017) ("That [three bank officials] were aware of all the loan terms is not a valid defense for [the defendant] on the bank fraud conspiracy charge, in that such bank officers were part and parcel of the conspiracy to both defraud the banks and obtain bank funds by false and fraudulent pretenses."); *see also United States v. Jimenez*, 513 F.3d 62, 74 (3d Cir. 2008) ("[I]t is not a defense to the charge that an [account holder] colluded with [a bank officer] to commit bank fraud. It is the financial institution itself—not its officers or agents—that is the victim of the fraud [§ 1344] proscribes." (quoting *United States v. Waldroop*, 431 F.3d 736, 742 (10th Cir. 2005) (internal quotations omitted)); *United States v. Gallant*, 537 F.3d 1202, 1225 (10th Cir. 2008) (explaining that the defendants were "not absolved from bank fraud by having successfully recruiting BestBank officers and directors to participate in their scheme"); *United States v. Abboud*, 438 F.3d 554, 593 (6th Cir. 2006) ("Finally, even if bank officials did approve of the check kiting scheme, . . . this approval would not relieve Defendants of criminal liability, because the victim is the bank as an entity.").

The Defendant has not indicated how evidence concerning Santander Bank and/or its employees' negligence, lack of diligence, or knowledge or complicity in the alleged scheme is relevant to whether he committed bank fraud in violation of 18 U.S.C. § 1344. As a matter of law, he may not argue that the negligence or actions of any Santander Bank personnel negates his own criminal intent. Accordingly, IT IS HEREBY ORDERED this

19th day of July, 2018, that:

1. Government's Motion *in Limine* (ECF No. 31) is GRANTED;

2. Defendant's Motion *in Limine* to preclude the Government from publishing medical records of the Defendant (ECF No. 32) is DENIED;

3. Defendant's Motion for Case Management Conference (ECF No. 24) is MOOT;

4. Government's Motion for a Bill of Particulars (ECF No. 25) is MOOT;

5. Defendant's Motion *in Limine* to preclude the Government from publishing or playing voicemails purportedly of the Defendant (ECF No. 33) is MOOT; and

6. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel.

    /s/_____

Richard D. Bennett
United States District Judge