# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,            *

   v.                                    *        Criminal Action No. RDB-17-640

MARK IAN GAVER,                        *

   *Defendant.*                           *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

On August 1, 2018, after an eight-day trial, a jury found Petitioner Mark Ian Gaver ("Petitioner" or "Mr. Gaver") guilty of eight counts of bank fraud, in violation of 18 U.S.C. § 1344, and two counts of money laundering, in violation of 18 U.S.C. § 1957. (ECF No. 58.) This Court sentenced Mr. Gaver on December 13, 2018, to a term of imprisonment of 204 months (seventeen years) followed by three years of supervised release. (ECF No. 106.) The Court also ordered restitution in the amount of $48,774,308.75 and a special assessment of $10,000.00. (*Id.*) On May 28, 2020, the United States Court of Appeals for the Fourth Circuit affirmed both the conviction and the sentence. *See United States v. Gaver*, 825 F. App'x 700, 701 (4th Cir. May 28, 2020) (unpublished). In April 2021, Mr. Gaver moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 161.) This Court denied that motion by Memorandum Opinion and Order on October 1, 2021. (ECF No. 188.) The Fourth Circuit granted a partial certificate of appealability and then affirmed this Court's decision. *See United States v. Gaver*, No. 21-7553, 2023 WL 5275165, at *1 (4th Cir. Aug. 16, 2023) (unpublished). Mr. Gaver is now sixty-four years old and is currently incarcerated at the Federal Correctional Institution Miami in Miami, Florida. *Find an Inmate*, Fed. Bureau Prisons,

https://www.bop.gov/inmateloc (search by register number: 69643-018) (last accessed July 17, 2026). His projected release date is May 11, 2031. *Id.*

There are multiple motions currently pending before the Court. The first is Mr. Gaver's pro se Motion to Reduce Sentence pursuant to Amendment 821 to the United States Sentencing Guidelines ("Amendment 821 Motion" or "821 Motion") (ECF No. 209), which was supplemented by the Federal Public Defender for the District of Maryland (ECF No. 230). The second is Mr. Gaver's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Compassionate Release Motion"). (ECF No. 226.) Also pending are Mr. Gaver's pro se Motion to Withdraw the 821 Motion (ECF No. 219) and his pro se Motion to Expedite Ruling on the Compassionate Release Motion (ECF No. 238).

The Court has reviewed all relevant submissions; no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Mr. Gaver's Amendment 821 Motion (ECF Nos. 209, 230) and his Compassionate Release Motion (ECF No. 226) are both DENIED. His Motion to Withdraw his Amendment 821 Motion (ECF No. 219) is DENIED. His Motion to Expedite Ruling (ECF No. 238) is DENIED AS MOOT.

## BACKGROUND

On December 5, 2017, a federal grand jury sitting in Baltimore returned an Indictment charging Mark Ian Gaver with eight counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts One through Eight), as well as two counts of money laundering, in violation of 18 U.S.C. § 1957 (Counts Nine and Ten). (ECF No. 1.) The following summary is drawn from those facts proven by the Government at trial and as recited by this Court in its Memorandum Opinion and Order denying Mr. Gaver's § 2255 motion to vacate. *See* (ECF No. 188 at 2).

Over a period of fifteen years, from roughly 2001 to December 2016, Mr. Gaver created and executed a bank fraud scheme to deceive as many as six different banks which had extended to him lines of credit based upon his reported accounts receivable for his information technology services company, GTI Federal. Specifically, he defrauded Bank of America, Maryland National Bank, Way Point Bank, Sovereign, Graystone, and Santander.

Mr. Gaver then got divorced. In 2016, a Florida court awarded possession of GTI Federal to his ex-wife in connection with the divorce. Consequently, after MR. Gaver's ex-wife and her attorney gained control of the company and inspected its books and records, his bank fraud scheme was exposed. Santander, the ultimate bank to lend funds to GTI Federal, incurred a loss of nearly forty-nine million dollars. This was just one of the six banks that Mr. Gaver defrauded over the relevant fifteen-year span.

Ultimately, after federal investigators pursued the scheme, a federal grand jury returned the ten-count indictment on December 17, 2017. This case proceeded to a jury trial, which lasted eight days. On August 1, 2018, at the end of that trial, the jury found Mr. Gaver guilty of all ten counts charged in the Indictment.

On December 13, 2018, this Court sentenced Mr. Gaver to a term of imprisonment of 204 months (seventeen years), followed by thirty-six months (three years) of supervised release. (ECF Nos. 104, 106.) Additionally, the Court ordered restitution in the amount of $48,774,308.75 and a special assessment of $10,000.00. (ECF No. 106.) Mr. Gaver then appealed his conviction and sentence. (ECF No. 110.) On May 28, 2020, the United States Court of Appeals for the Fourth Circuit affirmed both the conviction and the sentence. *See United States v. Gaver*, 825 F. App'x 700, 701 (4th Cir. May 28, 2020) (unpublished).

In April 2021, Mr. Gaver moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 161.) This Court denied that motion by Memorandum Opinion and Order on October 1, 2021. (ECF No. 188.) Mr. Gaver appealed that decision to the Fourth Circuit. (ECF No. 190.) The Fourth Circuit granted a partial certificate of appealability on the issue of whether this Court abused its discretion in finding, without an evidentiary hearing, that Mr. Gaver had not experienced ineffective assistance of counsel related to any offer of a plea deal. *See United States v. Gaver*, No. 21-7553, 2023 WL 5277165, at *1 (4th Cir. Aug. 16, 2023) (unpublished). The Fourth Circuit ruled that this Court had not so abused its discretion and affirmed the denial of Mr. Gaver's § 2255 motion on August 16, 2023. *Id.*

On April 5, 2024, Petitioner filed the pending pro se Motion for Reduction in Sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. (ECF No. 209.) The Government filed a Response to that Motion on May 23, 2024. (ECF No. 214.) On June 12, 2024, he filed a Motion to Withdraw the 821 Motion. (ECF No. 219.) Later, on February 21, 2025, the Office of the Federal Public Defender for the District of Maryland filed a Supplemental Motion to Reduce Sentence pursuant to Amendment 821 to the United States Sentencing Guidelines. (ECF No. 230.) The Federal Public Defender specifically noted that it filed its submission as a supplement to Mr. Gaver's pro se Amendment 821 Motion. (*Id.* at 1 n.1.) The Government then filed a Supplemental Response to that Motion. (ECF No. 234.) Mr. Gaver replied through counsel. (ECF No. 236.)

Separate from the Amendment 821 Motions, on October 21, 2024, Mr. Gaver filed the pending pro se Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 226.) On April 3, 2026, he filed the pending Motion to Expedite Ruling on the

§ 3582(c)(1)(A) Motion. (ECF No. 238.) The Government filed its Response to that Motion on June 3, 2026. (ECF No. 244.)

## ANALYSIS

As noted above, there are multiple motions pending which may be categorized by the legal authority under which Mr. Gaver seeks relief. The first set of motions pending before the Court relate Amendment 821 to the United States Sentencing Guidelines. Mr. Gaver filed his original pro Motion for Reduction in Sentence pursuant to Amendment 821 ("Amendment 821 Motion" or "821 Motion") (ECF No. 209). He then filed a Motion to Withdraw (ECF No. 219) after finding out that he was being represented by counsel. *See* (ECF No. 230 at 1 n.1). The Federal Public Defender explicitly states that its Supplemental Motion is, rather, a supplement to Mr. Gaver's original pro se motion and does not supersede it. *See* (*id.*) Accordingly, Mr. Gaver's original pro se 821 Motion (ECF No. 209) remains pending, as supplemented by counsel (ECF No. 230). Given this posture, Mr. Gaver's Motion to Withdraw his pro se Amendment 821 Motion is DENIED.

The other set of motions pending before the Court concern a request for compassionate release pursuant to the First Step Act, as codified at 18 U.S.C. § 3582(c)(1)(A). Mr. Gaver's pro se Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 226) ("Compassionate Release Motion") remains pending. Relatedly, Mr. Gaver's Motion to Expedite Ruling on the Compassionate Release Motion (ECF No. 238) is also ripe. The Court addresses each of these pending Motions separately.

### I.    Motion to Reduce Sentence Pursuant to Amendment 821

Invoking Amendment 821 to the United States Sentencing Guidelines, Pearson moves for a reduction of his sentence from 204 months to a term of 162 months. (ECF Nos. 209, 230.) Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026) (citing 18 U.S.C. § 3582(b)). "This 'rule of finality,' however, is subject to a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C. § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if such reduction would consistent with the sentencing factors in 18 U.S.C. § 3553(a) and any policy statements issued by the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *Dillon v. United States*, 560 U.S. 817, 826 (2010). One such retroactive amendment is Amendment 821 to the Sentencing Guidelines. "Though Amendment 821 is a multi-part amendment, at a high level it can be separated into Parts A and B." *United States v. Day*, RDB-19-506, 2025 WL 3039252, at *2 (D. Md. Oct. 31, 2025). Part A amends U.S.S.G. § 4A1.1(e) and limits the imposition of "status points" on a defendant's criminal history calculation.[1] Part B, relevant here, deals with zero-point offenders. Specifically, it provides a mechanism for criminal defendants with no criminal history points to obtain a two-level reduction of their offense. U.S.S.G. § 4C1.1.

---

[1] "Status points" are added to a defendant's criminal history score when that defendant committed the current offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e).

6

The Government agrees that Mr. Gaver is *eligible* for a reduction under Part B to Amendment 821. (ECF No. 234 at 1.) It argues, however, that no such reduction is *warranted* in this case because the sentencing factors in 18 U.S.C. § 3553(a) weigh against relief. (*Id.*) As the Government correctly notes, 18 U.S.C. § 3582(c)(2) makes clear that even if a defendant is eligible for a sentence reduction due to a retroactive amendment to the Sentencing Guidelines, the decision to grant such a reduction is within the discretion of the Court. Additionally, such relief is only proper when a reduction would be consistent with any relevant sentencing factors set out in § 3553(a). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guideline ranges; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records"; and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

Mr. Gaver argues that his rehabilitation efforts and clean disciplinary records while imprisoned, coupled with his health issues, weigh in favor of a reduction in his sentence under § 3582(c)(2). (ECF Nos. 209, 230.) The Government argues that the sentencing factors weigh against a reduction in this case. (ECF No. 234.)

Mr. Gaver's rehabilitation efforts and good behavior while incarcerated are mitigating circumstances that weigh in favor of relief. *See, e.g.*, *United States v. Martin*, RDB-04-0029, 2021 WL 3172278, at *3 (D. Md. July 27, 2021); *United States v. Cole*, ELH-18-0167, 2024 WL 3729133, at *1, 19 (D. Md. Aug. 7, 2024). Mr. Gaver's health circumstances are a neutral factor in this case, given that, as discussed below, the record indicates that his conditions are not

being handled inappropriately by the Bureau of Prisons. The remaining § 3553(a) factors, however, weigh strongly against a reduction in sentence. Specifically, the nature and circumstances of his offense disfavor release. Mr. Gaver carried out a years-long fraud on a massive scale, victimizing six banks. He defrauded just one of those institutions out of approximately fifty million dollars. Further, and as the Government notes, the length and extent of this fraud and the number of fraudulent transactions undertaken mean that Mr. Gaver's sentence of 204 months remains appropriate to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). Accordingly, though it is agreed that Part B of Amendment 821 makes Mr. Gaver eligible for a reduction of sentence, such a reduction would not comport with the sentencing factors of § 3553(a). As such, Mr. Gaver's Amendment 821 Motion is DENIED.

## II.    Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)

Mr. Gaver seeks a reduction in his term of imprisonment from 204 months (seventeen years) to time served. (ECF No. 226 at 12.) He brings this Compassionate Release Motion pro se. The Court construes pro se filings "liberally," and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Ordinarily, court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Rutherford v. United States*, 146 S. Ct. 1320, 1326 (2026) (citing 18 U.S.C. § 3582(b)). Compassionate release, as provided for by Congress, is a limited exception to that rule. *Rutherford*, 146 S. Ct. at 1326 (citing § 3582(c)(1)(A)(i)). It permits a court to modify a sentence upon finding that: (1) a petitioner has exhausted his administrative remedies; (2)

8

there are extraordinary and compelling reasons warranting a reduction; and (3) such a reduction would align with any relevant sentencing factors set out in 18 U.S.C. § 3553(a) and any applicable policy statement issued by the United States Sentencing Commission.[2] *See United States v. Ferguson*, 55 F.4th 262, 267–68 (4th Cir. 2022) (quoting § 3582(c)(1)(A)). Mr. Gaver has not demonstrated any extraordinary and compelling reasons warranting relief. Likewise, he has not shown that a reduction in his sentence would be consistent with the factors set out in 18 U.S.C. § 3553(a). As such, his Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 226) is DENIED.

### a. Administrative Exhaustion

The First Step Act of 2018, as codified at 18 U.S.C. § 3582(c)(1)(A), permits a prisoner to seek compassionate release in the federal courts on his own behalf. *See Rutherford*, 146 S. Ct. 1328 (citing 18 U.S.C. § 3582(c)(1)(A)); *accord United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). Before he can access the federal courts, he must exhaust two steps. First, he must request that the warden of his facility seek compassionate release on his behalf. *Muhammad*, 16 F.4th at 130 (citing § 3582(c)(1)(A)). Second, he can *either* wait thirty days from making that request before filing in federal court *or* fully exhaust his administrative rights of appeal within the Bureau of Prisons. *Id.* (quoting § 3582(c)(1)(A)). Either method is sufficient. *Rutherford*, 146 S. Ct. at 1328; *Muhammad*, 16 F.4th at 130 (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021)) (noting that Congress provided "two alternative ways to satisfy the threshold

---

[2] Section 3582(c)(1)(A) also permits a court to grant relief if a prisoner (1) met the threshold requirements; (2) is at least seventy years of age; (3) has served at least thirty years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c); and (4) the Director of the Bureau of Prisons has determined that the prisoner is not a danger to the safety of the any other person or the community. *Id.* § 3582(c)(1)(A)(ii). This provision does not apply in Mr. Gaver's case for the simple reason that he is sixty-four years old.

requirement"). This is a non-jurisdictional threshold requirement, however, and is forfeited if not timely raised by the Government. *Muhammad*, 16 F.4th 126, 129–30 (4th Cir. 2021) (collecting cases).

In this case, Mr. Gaver contends that he submitted a written request to the warden of his prison, FCI Miami, on May 12, 2024. (ECF No. 226 at 3.) While he does not provide documentation supporting that claim, the Government does not challenge Mr. Gaver's motion on this basis. As such, Mr. Gaver has satisfactorily alleged administrative exhaustion and the Court proceeds to the merits of his § 3582 claim for relief.

### b.  Extraordinary and Compelling Reasons for Relief

Mr. Gaver has not demonstrated any extraordinary and compelling reasons warranting a reduction in his sentence under § 3582(c)(1)(A). To reduce a federal prison sentence under § 3582(c)(1)(A), a federal court must find the existence of "extraordinary and compelling reasons" warranting such relief. *See, e.g.*, *Rutherford*, 146 S. Ct. at 1326–27 (citations omitted). The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). The Commission has identified six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

> (1) a serious medical circumstance of the defendant;
> (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
> (3) the death or incapacitation of an immediate family member;
> (4) the defendant being a victim of abuse while in custody;
> (5) other reasons of similar gravity as (1)–(4); and
> (6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6).

Petitioner claims two extraordinary and compelling reasons warranting a reduction in sentence: First, invoking § 1B1.13(b)(1), he alleges that he has serious medical conditions meriting release. (ECF No. 226 at 4–8.) Second, pursuant to § 1B1.13(b)(6), he claims a disparity in sentencing as between himself and other persons found guilty of fraud.[3] (*Id.* at 9–11.)

i. *Medical Conditions*

The Court first considers Mr. Gaver's allegation that his medical circumstances amount to an extraordinary and compelling reason for release. As he notes in his Motion (ECF No. 226), the medical circumstances of a defendant may constitute an extraordinary and compelling reason for relief when he is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B)(i).

Petitioner states that he has "numerous qualifying medical conditions" but focuses his request "upon his severe coronary artery disease, which [he claims] has spun out of control within the prison environment resulting in significant degradation to [his] overall health and wellbeing." (*Id.* at 4.) He claims that he has had four heart attacks, specifically in 2004, 2014, on December 27, 2023, and, most recently, on March 22, 2024. (*Id.*) He states that "[t]here is no doubt that the last two heart attacks" result from his incarceration. (*Id.*) He claims that, in

---

[3] Mr. Gaver also dedicates a section of his Motion (ECF No. 226) to his "Suffering," particularly noting the stress he experiences from being a federal prisoner. (*Id.* at 8.) He particularly notes that he experiences stress at "being told where you are allowed [to] eat, work, exercise, shower, use a toilet," and "being told who you will live with." (*Id.*)

2020, a physician at FCI Miami "terminated" the heart medications he had previously been on—namely, Plavix, Brillenta, and Toprol. (*Id.* at 5.) Mr. Gaver claims that the prison's doctor stated that he no longer needed such medicines. (*Id.* at 4.) Instead, he was prescribed and has since been on a low dose of baby aspirin. (*Id.*) He states that this is "plainly unconscionable." (*Id.* at 5.) Mr. Gaver also takes issue with his claim, unsubstantiated though it may be, that the prison's doctor is a radiologist, not a cardiologist or general practitioner. (*Id.* at 5.) Finally, he alleges that he has had two cardiac catheterizations during his incarceration, meaning that not all of his blockages have been cleared. (*Id.*) As a result, he claims that he continues to suffer from "angina, dizziness, light-headedness, and nausea," for which he receives nitroglycerin tablets. (*Id.*)

For its part, the Government does not contest that Mr. Gaver has medical issues. (ECF No. 242 at 6 *SEALED*.) Instead, it contends that he has received regular treatment for his conditions and, further, that he has occasionally declined medical treatment from the Bureau of Prisons. (*Id.* at 7 *SEALED*.) In essence, the Government argues that Petitioner does not satisfy the requirements of § 1B1.13(b)(1)(B)(i) because he is receiving care and appears capable of providing for his own self-care. (*Id.* at 9 *SEALED*.)

It is well-settled that the Bureau of Prisons is not required to provide medical care that is necessarily equivalent to that which might be available outside of prison. *See, e.g.*, *United States v. Gilreath*, RDB-04-145, 2026 WL 1345557, at *6 (D. Md. May 14, 2026) (citing *United States v. Purpera*, 18-cr-00019, 2024 WL 329541, at *3 (W.D. Va. Jan. 29, 2024)). "[D]ispleasure with the quality of medical care . . . provided by [the] BOP is not sufficient to show an extraordinary and compelling reason for compassionate release." *United States v. Ayyad*, LKG-15-157, 2024

12

WL 3424083, at *21–22 (D. Md. July 15, 2024). As this Court has noted, "no compassionate release is warranted for medical care when a petitioner is provided with regular medications, appointments to provide treatment, follow-up appointments to monitor a condition, and evaluation by outside experts." *Gilreath*, RDB-04-145, at *6 (citing *United States v. Scarborough*, 12-CR-43, 2024 WL 2832711, at *3 (M.D.N.C. June 4, 2024), *aff'd*, 2024 WL 4824236 (4th Cir. Nov. 19, 2024); *United States v. Hunter*, 12-cr-289-MOC, 2024 WL 3464039, at *5 (W.D.N.C. July 18, 2024), *aff'd*, 2025 WL 2506070 (4th Cir. Sep. 2, 2025)).

The record in this case indicates that Mr. Gaver does not satisfy the criteria of § 1B1.13(b)(1)(B)(i). Specifically, while Petitioner's medical circumstances may amount to a "serious physical or medical condition," there is no indication that he is unable to provide for his own self care. Likewise, there is nothing in the record which would lead the Court to conclude that Mr. Gaver is experiencing a medical condition from which he is not expected to recover. To the contrary, he attests that he receives care both from the physician at FCI Miami as well as an attending cardiologist at Jackson Community Hospital in Miami. (ECF 226 at 5.) While Mr. Gaver is displeased with his medical care, nothing in his Motion or elsewhere in the record in this case evidences a medical condition sufficient to create an extraordinary and compelling reason for a reduction in sentence.[4]

---

[4] With respect to asserted medical conditions, Mr. Gaver also discusses his displeasure with the food offered at FCI Miami. (ECF No. 226 at 6–7.) He specifically takes issue with the lack of "raw vegetables and fresh fruit" in the food he receives during his incarceration. (*Id.*) The Court has identified no cases in which a court has ruled that a prisoner's displeasure with the food received in prison amounts to an extraordinary and compelling reason for relief. Indeed, that claim does not fit within any of the categories set out in § 1B1.13(b).

ii.   *Disparity in Sentencing*

Separate from his claims of serious medical conditions, Mr. Gaver claims that a disparity between his own sentence and those of other financial fraud convictions amounts to an extraordinary and compelling reason warranting release. (ECF No. 226 at 9.) Specifically, Mr. Gaver cites to the fraud convictions of Bernie Madoff, Elizabeth Holmes, Samuel Bankman-Fried, Inigo Philbrick, and President Donald J. Trump. (*Id.* at 10–11.) Mr. Gaver's argument is essentially that the length of his sentence should be proportionally less than the sentences imposed on those highly-publicized fraud convictions because he was found guilty of having defrauded proportionally less money than those other persons.

As the Government notes in its Response (ECF No. 242 *SEALED*), Mr. Gaver's argument ignores the baseline principle that each federal prisoner is sentenced individually. *See United States v. Henry*, SAG-05-0147, 2022 WL 2905057, at *3 (D. Md. July 22, 2022) ("Sentencing is intended to be highly individualized and is not intended to be a one-size-fits-all approach.") As Judge Gallagher of this Court has noted, "the fact of a 'sentencing disparity' itself is not automatically 'extraordinary and compelling.'" *Id.* "[A]bsent some other defect in the sentencing process, there is nothing 'extraordinary and compelling' about a sentencing judge intentionally imposing a disparate sentence when the judge thinks such a sentence is warranted under [18 U.S.C.] § 3553(a)." Rather, as the Supreme Court has recently noted, the "heartland of compassionate release"—and sentencing—is "a prisoner's personal circumstances." *Rutherford*, 146 S. Ct. at 1331. Put simply, Mr. Gaver has not created an extraordinary and compelling reason for relief merely by pointing to the sentences of other

persons convicted of financial fraud. For these reasons, Mr. Gaver has not demonstrated the existence of an extraordinary and compelling reason warranting compassionate release.

### c.  § 3553(a) Factors

Finally, even if Mr. Gaver had demonstrated extraordinary and compelling reasons warranting release, his Motion (ECF No. 226) would nevertheless be denied because such a reduction would be inconsistent with the sentencing factors set out in 18 U.S.C. § 3553(a).

If a district court finds the existence of extraordinary and compelling reasons to grant relief, it must also determine whether any relevant sentencing factors set out at 18 U.S.C. § 3553(a) support relief. 18 U.S.C. § 3582(c)(1)(A); *see also Rutherford*, 146 S. Ct. at 1327 (citing § 3582(c)(1)(A)). As stated above, those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed"; (3) "the kinds of sentences available"; (4) the sentencing guideline ranges; (5) "any pertinent policy statement"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records"; and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a). For the same reasons the Court articulated above, the § 3553(a) factors counsel against a reduction in Petitioner's sentence. Quite simply, the nature of his crimes—a fifteen-year fraud scheme involving tens of millions of dollars—weighs against a reduction in his sentence. Indeed, the seventeen-year term of imprisonment in this case serves to provide just punishment for the crimes committed, deterrence against future conduct, and ensure respect for the rule of law. A reduction in sentence would not comport with those sentencing goals. For these reasons, Mr. Gaver's Motion for Compassionate Release (ECF No. 226) is DENIED.

## CONCLUSION

For the reasons stated above, Mr. Gaver's Motion to Reduce Sentence pursuant to Amendment 821 (ECF No. 209), as supplemented (ECF No. 230), is DENIED. His pro se Motion for Compassionate Release (ECF No. 226) is DENIED. Additionally, Mr. Gaver's Motion to Withdraw (ECF No. 219) is DENIED and his Motion to Expedite Ruling (ECF No. 238) is DENIED AS MOOT.

A separate Order follows.


Date: July 23, 2026                          ___/s/_____

Richard D. Bennett
United States Senior District Judge